UNITED STATES of America

v.

**Kevin Richard HALL, Defendant.**

**Criminal No. 02–31–P–H.**

United States District Court,
D. Maine.

March 1, 2007.

**4**

Donald E. Clark, Helene Kazanjian, James W. Chapman, Office of the United States Attorney, Portland, ME, for United States of America.

Edward S. MacColl, Thompson, Bull, Furey, Bass & MacColl, LLC, PA, Portland, ME, for Kevin Richard Hall.

## PROCEDURAL ORDER

HORNBY, District Judge.

On the appeal from the defendant's original conviction and sentencing, the First Circuit affirmed in all respects but one. Because I sentenced the defendant before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), had declared the Guidelines no longer mandatory, and because I expressed "unease with the degree of speculation involved in the drug quantity calculation, as well as ... recognition of Hall's difficult childhood and later good works," the court of appeals said: "[w]ithout forecasting whether these considerations would justify a more favorable sentence, we are persuaded by the record that the district court at least might be inclined to impose such a sentence on remand." *United States v. Hall*, 434 F.3d 42, 62 (1st Cir.2006). It therefore remanded for resentencing. *Id.* I consider that remand to set the scope of the resentencing proceeding.

I have reviewed defense counsel's letter of February 16, 2007, summarizing "issues that I believe ought to be addressed at Mr. Hall's [re]sentencing hearing, and which may require evidence...." Letter from Edward S. MacColl, Att'y to Melody Whitten, Case Mgr. (Feb. 16, 2007) (Docket Item 167) ("MacColl Letter"). I have also reviewed the Assistant United States Attorney's response of February 27, 2007. Letter from Hélène Kazanjian, Asst. U.S. Att'y to Melody Whitten, Case Mgr. (Feb. 27, 2007) (Docket Item 168). I now make this Procedural Order to govern the proceeding.

1. On "the defendant's contention that the government has violated his constitutional rights by refusing to move for a departure based on the defendant's substantial assistance," MacColl Letter, I observe first that the issue is not within the scope of the remand. Moreover, there is no claim here of racial, religious or other invidious discrimination. See *Wade v. United States*, 504 U.S. 181, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). *Wade* states "that a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive. *Id.* at 186, 112 S.Ct. 1840. Indeed, *Wade* concedes that a defendant has no right to discovery or an evidentiary hearing unless he makes a 'substantial threshold showing.' " *Id.* Hall's only arguments that the government's failure to move for a downward departure violated his constitutional rights are: (a) the infringement of his right to a jury trial; and (b) disparity with the treatment of the defendant John Redihan. The circumstances surrounding Hall's failed proffer were explored fully at the original sentencing. Sent'g Tr. vol. 1, 191–256 (Oct. 1, 2003) (Docket Item 103). I found then that he was not truthful about the circumstances. Sent'g Tr. vol. 2, 349, 351 (Oct. 1, 2003) (Docket Item 105). I also found that he obstructed justice in attempting to influence another's testimony. Sent'g Tr. vol. 2, 346–47. With those justifications for the government's refusal to move for a departure under 5K1.1, I see no reason to

explore whether some other case might present a constitutional issue concerning the right to jury trial. The comparison to John Redihan also was fully explored, as I explain in the paragraph below. There is no need for further evidence or discussion on the government's refusal to move for departure.

2. On "whether the disparity [between Redihan's sentence and the sentence Hall confronts] warrants a sentence outside the guideline range," MacColl Letter, that issue was fully argued at the previous sentencing and I declined to depart. Sent'g Tr. vol. 2, 350–51. Defense counsel can convert his departure argument to a *Booker* argument, but there is no need for further evidence.

3. On "the government's historic practice in the District of Maine for withholding exacerbating information relevant to the sentencing of cooperating defendants while 'piling on' in providing even highly speculative information for the sentencing of defendants who exercise their constitutional right to trial," MacColl Letter, the issue was fully ventilated at the original sentencing. Sent'g Tr. vol. 2, 312–15. It is not within the scope of the remand from the First Circuit. Evidence on this issue will not be entertained.

4. On "evidence and issues addressed at the initial sentencing including drug quantity," MacColl Letter, the original record is more than adequate. I expressed my unease with the drug quantity calculations then, Sent'g Tr. vol. 2, 343–46, and the court of appeals noted that, as well as Hall's childhood and good works, in remanding for resentencing. No more is necessary.

As a result, there is no need for, and I will not accept, evidence on these topics. The only issue before me is whether to impose a variant sentence in light of *Booker* and the factors mentioned by the court of appeals in remanding for resentencing.

So Ordered.